## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RUSS LIPSCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 13-3389-CSB-DGB |
| | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, WEXFORD HEALTH | ) | |
| SOURCES, INC., DEBORAH K. FUQUA, | ) | |
| ESTATE OF DR. A. ALTON, and | ) | |
| KAREN BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Russ Lipscomb's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Lipscomb has filed this suit under 42 U.S.C. § 1983. "To prevail in this section 1983 action, [Lipscomb] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010). Lipscomb has failed to allege that any of the named Defendants deprived him of a constitutional right. As such, Lipscomb's Complaint fails to state a cause of action upon which relief can be granted and is dismissed.

Lipscomb alleges that on September 11, 2012, Dr. A. Alton (now deceased) examined him for his complaints regarding an abscessed tooth. During the examination, Dr. Alton allegedly performed a root canal on Lipscomb without Lipscomb's permission or consent. Lipscomb complains that Dr. Alton violated Illinois Department of Correction's policies and

procedures in performing the root canal because all root canals must be approved by the IDOC medical director, and his was not.

In addition, Lipscomb alleges that, after the root canal, he has suffered from various medical conditions related to the root canal and that he has also lost four teeth as a result of the root canal. Lipscomb complains that these actions, for which Dr. Alton's estate and the other Defendants are liable, violated his constitutional rights. Accordingly, Lipscomb seeks monetary and injunctive relief.

Lipscomb does not identify what constitutional right Defendants' allegedly violated, but the only arguable one that can be derived from Lipscomb's Complaint is that Defendants violated his Eighth Amendment right in that they were deliberately indifferent to a serious medical need. "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a

deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

Here, Lipscomb has not alleged that any named Defendant was deliberately indifferent to his serious medical need, nor has he alleged any facts upon which such a conclusion could reasonably be reached. At most, Lipscomb has alleged that Dr. Alton was negligent or committed malpractice when he performed a root canal without Lipscomb's consent that led to other complications, including medical issues and a loss of other teeth. However, "[d]eliberate indifference is not medical malpractice," and neither negligence nor malpractice is sufficient to establish deliberate indifference. *Duckworth*, 532 F.3d at 679. Without deliberate indifference, there is no constitutional violation and no grounds for a § 1983 suit.

Furthermore, Lipscomb's main argument (*i.e.*, that Dr. Alton's failure to follow IDOC policies and procedures before performing the root canal) does not save his Complaint from

dismissal. As other courts have explained, "the failure of state prison officials to follow their own procedures does not, of itself, rise to the level of a violation of a prisoner's constitutional rights." *Johnson v. Rousey*, 2011 WL 703697, * 4 (S.D. Ill. Feb. 20, 2011); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992)(citing *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982))("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests."); *Vruno v. Schwarzwalder,* 600 F.2d 124, 130–31 (8th Cir. 1979)("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension."); *Williams v. Eichenlaub*, 2008 WL 4280150, * 1 (S.D. Ill. Sept. 15, 2008)("The fact that BOP did not follow its own policy of furnishing an inmate with written notice of the disciplinary charge against him within 24 hours after discovery of the alleged violation does not amount to a constitutional violation.").

Lipscomb complains that Dr. Alton violated his constitutional rights when Dr. Alton failed to follow IDOC policies and procedures and that the failure to do so injured him. However, the failure to follow prison policies and procedures does not rise to the level of a constitutional deprivation. Without a constitutional deprivation, there is no suit under § 1983.

**IT IS, THEREFORE, ORDERED that:**

    **1.**    **Plaintiff's motion for the appointment of counsel [3] is DENIED AS MOOT.**

    **2.**    **Plaintiff Russ Lipscomb's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.**

    **3.**    **This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).**

4.      Plaintiff must still pay the full docketing fee even though his case has been dismissed.   The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.

5.      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

6.      This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.


Entered this 12th day of March 2014.


_____/s Colin S. Bruce_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE